# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRENDA K. SANDERS,

                                Case No: 2:16-CV-12959-AC-RSW

      Plaintiff,                  Honorable Avern Cohn

vs.

MICHIGAN SUPREME COURT, et al.,

      Defendants.

---

## DEFENDANT COLLINS EINHORN FARRELL, PC'S
## MOTION TO DISMISS

Collins Einhorn Farrell PC requests that that this Court grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because, for the reasons set forth in the accompanying brief in support of this motion, plaintiff Brenda Sanders has failed to state a claim upon which relief may be granted against Collins Einhorn.

Pursuant to E.D. Mich. L.R. 7.1(a), Collins Einhorn requested concurrence from plaintiff Brenda Sanders on June 9, 2017 and concurrence was denied.

COLLINS EINHORN FARRELL

BY:   /s/ Michael J. Sullivan
MICHAEL J. SULLIVAN (P35599)
DONALD D. CAMPBELL (P43088)
MICHAEL J. COOK (P71511)
Attorneys for Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
Michael.Sullivan@ceflawyers.com
Donald.Campbell@ceflawyers.com
Dated: June 9, 2017   Michael.Cook@ceflawyers.com

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  Plaintiff Brenda Sanders was elected to Michigan's 36th District Court in 2008. RE 15, Amended Complaint, ¶115, p. 11, Pg ID 140.

2.  Defendant Collins Einhorn Farrell PC's attorneys, Brian Einhorn and Colleen Burk, represented Sanders in connection with an investigation by the Michigan Judicial Tenure Commission. RE 15, Amended Complaint, ¶¶18, 370-371, pp. 3, 34, Pg ID 132, 163.

3.  In mid to late September 2014, Sanders asked Cyril Hall and Laidler & Zielinski, PLLC to "substitute as counsels of record for [Collins Einhorn]." RE 15, Amended Complaint, ¶398, p. 37, Pg ID 166.

4.  Hall and Laidler & Zielinski replaced Collins Einhorn as counsel for Sanders in mid to late September 2014. RE 15, Amended Complaint, ¶¶398-399, p. 36, Pg ID 166.

5.  Sanders filed this action on August 15, 2016. RE 1, Complaint, Pg ID 1-37.

6.  After this Court denied Sanders's application to proceed in forma pauperis, she did nothing to effectuate service or otherwise prosecute her claims for two months. RE 7, Order of Dismissal, Pg ID 56; RE 6, Order on Application, Pg ID 55.

7. Since Sanders also didn't pay the filing fee, this Court dismissed this case on November 7, 2016. RE 7, Order of Dismissal, Pg ID 56; RE 6, Order on Application, Pg ID 55.

8. Over a month later, Sanders filed a motion for reconsideration. RE 8, Supplemental Pleading to Plaintiff's Motion for Reconsideration and/or Motion for Relief From Order, Pg ID 57; RE 9, Motion for Reconsideration and/or Relief from Order of Dismissal, Pg ID 62.

9. On January 11, 2017, this Court granted Sanders's motion, reinstated the case, and directed the U.S. Marshal to serve each defendant with a copy of the complaint, a summons, and the order reopening the case. RE 10, Order, Pg ID 70-71.

10. But Sanders didn't provide addresses, summonses, or copies of the complaint to effectuate service until May 2017. *See* RE 17, Order Directing Plaintiff to Provide Addresses, Summons and Copies of Complaint to Effectuate Service, Pg ID 178; RE 18-33, Stricken Summonses; RE 36, Summonses, Pg ID 742-767.

11. The U.S. Marshal served Collins Einhorn on May 22, 2017.

COLLINS EINHORN FARRELL

BY:   /s/ Michael J. Sullivan

MICHAEL J. SULLIVAN (P35599)
DONALD D. CAMPBELL (P43088)
MICHAEL J. COOK (P71511)
Attorneys for Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
Michael.Sullivan@ceflawyers.com
Donald.Campbell@ceflawyers.com
Dated: June 9, 2017   Michael.Cook@ceflawyers.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRENDA K. SANDERS,

                                   Case No: 2:16-CV-12959-AC-RSW

        Plaintiff,                 Honorable Avern Cohn

vs.

MICHIGAN SUPREME COURT, ET AL.,

        Defendants.

---

## BRIEF IN SUPPORT OF
## DEFENDANT COLLINS EINHORN FARRELL PC'S
## <u>MOTION TO DISMISS</u>

# <u>TABLE OF CONTENTS</u>

*INDEX OF AUTHORITIES*.................................................................................. *ii*

*ISSUES PRESENTED*...................................................................................... *iv*

*CONTROLLING AND MOST APPROPRIATE AUTHORITY* ......................... *v*

*STATEMENT OF FACTS*.................................................................................. *1*

*STANDARD OF REVIEW* ................................................................................. *1*

*ARGUMENT* ...................................................................................................... *2*

    A.  Absent tolling, the period of limitation on Sanders's legal-malpractice claim against Collins Einhorn expired in 2016. ................. 2

        1.  Sanders's legal-malpractice claim accrued in September 2014. ........... 3

        2.  The discovery rule doesn't apply, but, even it did, it expired in November 2016. ..................................................................................... 3

    B.  The limitation period expired because Sanders's didn't timely serve Collins Einhorn or obtain an extension of time to do so. ............ 6

    C.  Sanders's claim fails as a matter of law because it's time barred.........10

*CONCLUSION*................................................................................................*11*

## INDEX OF AUTHORITIES

*Cases*

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......... 1

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................... 1

*Blaha v. A.H. Robins & Co.,* 708 F.2d 238 (6th Cir. 1983)........................... v, 6, 7

*DeLong v. Arms,* 251 F.R.D. 253 (E.D. Ky. 2008) ..............................................11

*Durfy v. Kellogg,* 483 N.W.2d 664 (Mich. App. 1992) .........................v, 8, 9, 10

*Estate of Mitchell v. Dougherty,* 644 N.W.2d 391 (Mich. App. 2002) ............... 3

*Eston v. Park Place Dev. Associates Ltd. Pshp.,*
No. 269763, 2006 WL 2987708 (Mich. App. Oct. 19, 2006) .............................. 8

*Gebhardt v. O'Rourke,* 510 N.W.2d 900 (Mich. 1994).......................................... 4

*Grimm v. Ford Motor Co.,* 403 N.W.2d 482 (Mich. App. 1986) ........................ 5

*Hutchinson v. Smith,*
No. 07-cv-10689, 2007 WL 3038006 (E.D. Mich. Oct. 18, 2007) .....................11

*In re: Sanders,* 865 N.W.2d 30 (Mich. 2015) ....................................................... 5

*Johnson v. Kudla,* No. 223055, 2002 WL 172167 (Mich. App. Feb. 1, 2002) ..... 9

*Kottmyer v. Maas,* 436 F.3d 684 (6th Cir. 2006) ................................................... 1

*Maddox v. Burlingame,* 517 N.W.2d 816 Mich. App. 1994)................................ 3

*Militello v Peddinghaus Co,* 897 F.2d 529 (6th Cir. 1990) ................................6, 7

*Moll v. Abbott Labs.,* 506 N.W.2d 816 (Mich. 1993) ........................................... 4

*Moriarity v. Shields,* 678 N.W.2d 642 (Mich. App. 2004) ................................... 8

*Petty v. Co. of Franklin*, 478 F.3d 341 (6th Cir. 2007) .........................................11

*Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416 (6th Cir. 2001) .......................... 1

*Sanderfer v. Mt. Clemens Gen. Hosp.*, 105 Mich App 458 (1981) ...................... 8

*Solowy v. Oakwood Hosp. Corp.*, 561 N.W.2d 843 (Mich. 1997).....................4, 5

*Stroud v. Ward*, 425 N.W.2d 490 (Mich. App. 1988) ......................................... 3

*Super Sulky, Inc. v. United States Trotting Ass'n*, 174 F.3d 733 (6th Cir. 1999)  7

*Thomas v. Ferndale Labs. Inc.*, 296 N.W.2d 160 (Mich. App. 1980) ................... 4

**Statutes**

Mich. Comp. Laws § 600.5805(6) ........................................................................ 2

Mich. Comp. Laws § 600.5827......................................................................... 2

Mich. Comp. Laws § 600.5838........................................................................ v, 3

Mich. Comp. Laws § 600.5838(1) ..................................................................... 2

Mich. Comp. Laws § 600.5838(2) ..................................................................... 2

Mich. Comp. Laws § 600.5856......................................................................... v

Mich. Comp. Laws § 600.5856(a) ..................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1

Mich. Ct. R. 2.102........................................................................................... 8

Mich. Ct. R. 2.102(D)...............................................................................v, 6, 8, 9

Mich. Ct. R. 2.102(E)...................................................................................... v

Mich. Ct. R. 2.102(E)(1) ...............................................................................8, 10

Mich. Ct. R. 2.102(E)(2) ...............................................................................8, 10

## ISSUES PRESENTED

### I.

**In Michigan, the filing of a complaint doesn't toll the period of limitations unless the plaintiff effectuates service of process or obtains an extension of time to do so within 91 days of filing the complaint. Sanders did neither. As a result, the period of limitation expired on her legal-malpractice claim against Collins Einhorn Farrell PC in 2016. Does Sanders's claim against Collins Einhorn fail as a matter of law?**

Defendant Collins Einhorn answers, yes.

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Mich. Comp. Laws § 600.5838

Mich. Comp. Laws § 600.5856

*Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983)

Mich. Ct. R. 2.102(D), (E)

*Durfy v. Kellogg*, 483 N.W.2d 664, 665 (Mich. App. 1992)

## Statement of Facts

Collins Einhorn adopts the statement of material facts not in dispute set forth in a separate document filed contemporaneously with this motion.

## Standard of Review

The purpose of Rule 12(b)(6) of the Federal Rules of Civil Procedure is "to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 420 (6th Cir. 2001). In order to properly state a claim on which relief can be granted, a complaint must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). This Court must construe the complaint in the light most favorable to Sanders and accept all factual allegations as true, but it "need not … accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Dismissal is appropriate when it

"appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

## Argument

### A. Absent tolling, the period of limitation on Sanders's legal-malpractice claim against Collins Einhorn expired in 2016.

Under Mich. Comp. Laws § 600.5805(6), a legal-malpractice complaint must be filed within two years of the date the claim accrues. *See* also Mich. Comp. Laws § 600.5827. A legal-malpractice claim accrues when the lawyer "discontinues serving" the plaintiff "as to the matters out of which the claim for malpractice arose." Mich. Comp. Laws § 600.5838(1). Alternatively, a complaint against a lawyer may be filed within six months of when the client "discovers or should have discovered the existence of the claim." Mich. Comp. Laws § 600.5838(2). Here, Sanders's claim is barred under both the two-year statute of limitations and the six-month discovery rule.

**1.  Sanders's legal-malpractice claim accrued in September 2014.**

Collins Einhorn represented Sanders in connection with an investigation by the Michigan Judicial Tenure Commission.[1] Sanders alleges that she asked Cyril Hall and Laidler & Zielinski, PLLC to "substitute as counsels of record for [Collins Einhorn]" in "mid to late September, 2014."[2] "Retention of an alternate attorney effectively terminates the attorney-client relationship." *Estate of Mitchell v. Dougherty*, 644 N.W.2d 391, 399 (Mich. App. 2002) (citing *Maddox v. Burlingame*, 517 N.W.2d 816 Mich. App. 1994); *see Stroud v. Ward*, 425 N.W.2d 490, 493 (Mich. App. 1988) ("[T]here is no dispute that defendant discontinued serving plaintiff in September, 1978, since that is when plaintiff retained attorney Cannon."). Accordingly, Sanders's claim accrued in "mid to late September, 2014."[3]

**2.  The discovery rule doesn't apply, but, even it did, it expired in November 2016.**

Sanders's complaint suggests that she might rely on the discovery rule in Mich. Comp. Laws § 600.5838. She alleges that she was "apprised on

---

[1] RE 15, Amended Complaint, ¶¶18, 370-371, pp. 3, 34, Pg ID 132, 163.

[2] RE 15, Amended Complaint, ¶398, p. 37, Pg ID 166.

[3] RE 15, Amended Complaint, ¶398, p. 37, Pg ID 166.

May 12, 2016 that [Collins Einhorn] had committed malpractice …"[4] Even if that's true, the discovery rule doesn't hinge on when someone else "apprises" the plaintiff of her claim.

The discovery rule permits a malpractice claim within six months of the date that the plaintiff first "discovers or should have discovered" the existence of his claim. This is an objective inquiry. *See Gebhardt v. O'Rourke,* 510 N.W.2d 900, 904-905 (Mich. 1994); *Moll v. Abbott Labs.,* 506 N.W.2d 816, 824-825 (Mich. 1993). "[A] plaintiff need only discover that he has a 'possible' cause of action" to start the six-month period running. *Gebhardt*, 510 N.W.2d at 904. "Possible," as opposed to "likely," imposes "a lesser standard of information needed to impart knowledge." *Moll*, 506 N.W.2d at 827. "Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue his claim." *Solowy v. Oakwood Hosp. Corp.,* 561 N.W.2d 843, 847 (Mich. 1997); *Thomas v. Ferndale Labs. Inc.*, 296 N.W.2d 160, 162 (Mich. App. 1980) (holding that a plaintiff doesn't need to know the "details of the evidence by which to establish his cause of action" and "it is his own fault if he does not avail himself of those means which the law

---

[4] RE 15, Amended Complaint, ¶392, p. 36, Pg ID 165.

provides for prosecuting or preserving his claim" (citation omitted)). Moreover, "a plaintiff must act diligently in discovering his cause of action and cannot simply sit back and wait for others to inform him of his possible claim." *Grimm v. Ford Motor Co.*, 403 N.W.2d 482, 485 (Mich. App. 1986).

Sanders's claims that she suffered "irreparable harm" from "the illegal and unwarranted disclosure of [her] medical information" during the judicial-tenure proceedings.[5] So she knew about her alleged "injury and its possible cause" when her medical information was disclosed. *Solowy*, 561 N.W.2d at 847. Though her complaint doesn't say when that occurred, she alleges that the 36th District Court, Judicial Tenure Commission, and Michigan Supreme Court disclosed it.[6] So the disclosure occurred (at the latest) when the Supreme Court issued its final decision in the judicial-tenure proceedings on July 1, 2015. *See In re: Sanders*, 865 N.W.2d 30 (Mich. 2015). Because Sanders should have discovered her claim more than 6 months before the limitation period expired in September or October 2016, the discovery rule doesn't apply.

---

[5] RE 15, Amended Complaint, ¶¶390-396, p. 36-37, Pg ID 165-166.

[6] RE 15, Amended Complaint, ¶92, p. 9, Pg ID 138.

But, even giving Sanders the benefit of all doubt, she alleges that she discovered her claim on May 12, 2016.[7] So, at the latest, the discovery period started on May 12, 2016 and, absent tolling, expired on November 12, 2016.

## B. The limitation period expired because Sanders's didn't timely serve Collins Einhorn or obtain an extension of time to do so.

"When the act of service is an integral part of a state statute of limitations, a federal court must likewise require service before the statute is tolled." *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983); *see also Militello v Peddinghaus Co*, 897 F.2d 529 (6th Cir. 1990) (table) (citing *Blaha* and applying Michigan's service and tolling rules).

In *Blaha*, the Sixth Circuit affirmed the dismissal of the plaintiff's product-liability lawsuit because, though "[h]er action was timely filed," she didn't serve the defendant for nearly four years. 708 F.2d at 239. The Court held that dismissal was required because "a Michigan court rule requiring automatic dismissal of actions in which service was not made within 180 days[8] after the complaint was filed must be applied by a

---

[7] RE 15, Amended Complaint, ¶392, p. 36, Pg ID 165.

[8] As discussed below, the time period under the current rule is 91 days. *See* Mich. Ct. R. 2.102(D).

federal court sitting in diversity." *Id. Blaha* explained that federal courts apply state tolling rules for state-law claims because to do otherwise would encourage forum shopping:

> The purpose of the *Erie* doctrine is to have diversity cases[9] decided under the same substantive rules as state cases so as to eliminate forum shopping and inequitable administration of the law. Failure to apply Rule 102 in this diversity action would create an inequitable situation where the federal diversity plaintiff is able to pursue her case while a state plaintiff, under identical facts, would be barred by the statute of limitations.

708 F.2d at 239-240.

Michigan's service and tolling rules are an integral part of its statute of limitations. *Blaha*, 708 F.2d at 239; *Militello*, 897 F.2d 529. Under Michigan law, the mere filing of a complaint doesn't toll the statute of limitations. The statute of limitations is only tolled from the time that a complaint is filed "if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." Mich. Comp. Laws §

---

[9] It isn't clear whether Sanders relies on this Court's diversity jurisdiction or its supplemental jurisdiction for her claim against Collins Einhorn. But the difference is immaterial. *See Super Sulky, Inc. v. United States Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) ("A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction.").

600.5856(a). If service of process is not timely effectuated, the period of limitations continues to run. *See Sanderfer v. Mt. Clemens Gen. Hosp.*, 105 Mich App 458, 461-462 (1981); *Eston v. Park Place Dev. Associates Ltd. Pshp.*, No. 269763, 2006 WL 2987708 (Mich. App. Oct. 19, 2006) ("Because service of process was never made on defendant during the life of the summons, the pendency of this action would not toll the limitations period for purposes of determining the timeliness of a second suit.").

Michigan Court Rule 2.102 gives plaintiffs 91 days after filing the complaint to serve the summons and complaint. Mich. Ct. R. 2.102(D). Dismissal for a failure to serve within the 91-day period is automatic. *See* Mich. Ct. R. 2.102(E)(1), (2); *Durfy v. Kellogg*, 483 N.W.2d 664, 665 (Mich. App. 1992) ("[T]he action was deemed to have been dismissed automatically when the original summons expired.").

Though Michigan permits an extension of time to effectuate service, the extension must be granted "within those 91 days." Mich. Ct. R. 2.102(D); *Durfy*, 483 N.W.2d at 665 (holding that "trial judge no longer possessed authority under the court rule to order an extension" because the rule "requires that it be done within the life of the original summons"); *Moriarity v. Shields*, 678 N.W.2d 642, 646 (Mich. App. 2004) ("[T]he

8

necessary act that must occur before expiration of the initial summons is the entry of an order granting the extension.").

So, even if the plaintiff files a motion to extend or reissue the summons before the initial 91-day period expires, it's ineffective unless the court grants the motion within the 91-day period. *See, e.g., Johnson v. Kudla*, No. 223055, 2002 WL 172167 (Mich. App. Feb. 1, 2002) (affirming dismissal because, "[a]lthough plaintiff's request for a second summons was made before the original summons expired, under Mich. Ct. R. 2.102(D) as construed in *Durfy, supra*, it was necessary that the second summons be issued before the original summons expired").

Accordingly, when a plaintiff doesn't effectuate service or obtain an extension within 91 days of filing the complaint:

(1)     Dismissal is automatic, **and**

(2)     The limitation period isn't tolled.

Here, Sanders filed her complaint on August 15, 2016. So she had until November 14, 2016 to either effectuate service or obtain an order extending or reissuing the summons. Mich. Ct. R. 2.102(D). She did neither. So dismissal is automatic, the limitation period continued to run, and it

expired in September 2016 (but no later than November 12, 2016 under the discovery rule).

Notably, this Court dismissed this case on November 7, 2016.[10] But even if this Court uses the November 12, 2016 date for the discovery rule **and** doesn't count the time between the dismissal and reinstatement on January 11, 2017, the result is the same. Sanders had five days (until January 16) to obtain an order granting an extension or reissuing the summons. She didn't get one. So, again, the limitation period wasn't tolled and it expired in 2016.

In fact (and just for argument's sake), even if the 91-day period started on January 11, 2017, it expired on April 12, 2017, long before Sanders effectuated service on May 22. Sanders never obtained an extension or reissued summons. It's too late to do so now.

## C. Sanders's claim fails as a matter of law because it's time barred.

Dismissal for a failure to serve within the 91-day period is automatic. Mich. Ct. R. 2.102(E)(1), (2); *Durfy*, 483 N.W.2d at 665. And it's well-established that when dismissal is required due to a failure to timely effect service and the period of limitations has expired, dismissal with prejudice

---

[10] RE 7, Order of Dismissal, Pg ID 56.

is appropriate. *DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008); *Petty v. Co. of Franklin*, 478 F.3d 341, 346 n.3 (6th Cir. 2007); *Hutchinson v. Smith*, No. 07-cv-10689, 2007 WL 3038006 (E.D. Mich. Oct. 18, 2007). Because Sanders didn't timely effectuate service, her complaint didn't toll the applicable period of limitations, which expired no later than November 2016, and her claim against Collins Einhorn must be dismissed with prejudice.

### Conclusion

For the foregoing reasons, Collins Einhorn requests that this Court grant its motion and dismiss Sanders's claim against it with prejudice.

COLLINS EINHORN FARRELL

BY:   /s/ Michael J. Sullivan
MICHAEL J. SULLIVAN (P35599)
DONALD D. CAMPBELL (P43088)
MICHAEL J. COOK (P71511)
Attorneys for Collins Einhorn Farrell PC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
Michael.Sullivan@ceflawyers.com
Donald.Campbell@ceflawyers.com

Dated: June 9, 2017   Michael.Cook@ceflawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. Mail.

COLLINS EINHORN FARRELL

BY:   /s/ Michael J. Sullivan
      MICHAEL J. SULLIVAN (P35599)
      DONALD D. CAMPBELL (P43088)
      MICHAEL J. COOK (P71511)
      Attorneys for Collins Einhorn Farrell P.C.
      4000 Town Center, 9th Floor
      Southfield, MI 48075
      (248) 355-4141
      Michael.Sullivan@ceflawyers.com
      Donald.Campbell@ceflawyers.com
Dated: June 8, 2017   Michael.Cook@ceflawyers.com