UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

    Plaintiff,

v.

MICHIGAN SUPREME COURT, MICHIGAN
JUDICIAL TENURE COMMISSION, EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,
U.S. ATTORNEY'S OFFICE, DR. NORMAN L. MILLER,
UNITED STATES GOVERNMENT, MICHIGAN
ATTORNEY GRIEVANCE COMMISSION,
MICHIGAN ATTORNEY DISCIPLINE BOARD,
CITY OF DETROIT, a municipal Corporation,
LAIDLER & ZIELINSKI, PLLC, CYRIL HALL,
COLLINS, EINHORN, FARRELL, PC.,
and the 36TH JUDICIAL DISTRICT COURT,

    Defendants.
_____/

Case No. 16-12959

HON. AVERN COHN

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DENYING PLAINTIFF'S PETITION FOR THE ISSUANCE OF A PRELIMINARY INJUNCTION AGAINST THE CITY OF DETROIT, ITS DEPARTMENT OF ELECTIONS AND CITY CLERK, JANICE WINFREY (Doc. 68)

I.

On August 15, 2016, plaintiff proceeding pro se and in forma pauperis, filed a complaint against the above named defendants. As best as can be gleaned, plaintiff claims violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan Judicial Tenure Commission which resulted in her removal from the bench upon a finding that she is "mentally unfit." She also claims violations of federal law during her employment as a state district court judge, including

Title VII (race, religion, and gender discrimination) and the Americans with Disabilities Act. The defendants are in the process of being served; some have filed dispositive motions. See Docs. 80, 81, 83.

Prior to all defendants being served, plaintiff filed a "Petition for the Issuance of a Preliminary Injunction Against the City of Detroit, its Department of Elections and City Clerk, Janice Winfrey (Doc. 47)[1] As best as could be gleaned, plaintiff sought "equitable relief" in asking the Court to issue a preliminary injunction enjoining the City of Detroit and its Clerk from disqualifying her as a candidate on the on the August 8, 2017 ballot for Mayor of the City of Detroit for failure to meet the residency requirement. The Court denied the motion, stating "[p]utting aside that plaintiff cites no authority for the relief she seeks and the fact that state law provides a review process for nominating petitions, clearly, the subject matter [of the preliminary injunction] has nothing to do with the case pending before the undersigned." (Doc. 50).

Before the Court is plaintiff's motion for relief under Rule 60(b), contending that the Court erred in denying her request for a preliminary injunction. For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

---

[1] Plaintiff previously filed a "Petition for a Temporary Restraining Order." (Docs. 39, 42). The Court denied the petition. See Doc. 43.

2

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff says that relief is warranted under 60(b)(1) and (6). She argues that because the City of Detroit did not file a response to the motion, the Court should have granted her relief. She also says that she supported her claim for preliminary relief with "equitable principles" and a "notarized affidavit." She further contends that the Court should have given her a hearing on her motion.

None of plaintiff's arguments carry the day. While the Court denied the motion without a response by the City of Detroit, the motion was not grounded in law and was essentially frivolous. No response or hearing was necessary.

Overall, plaintiff has failed to convince the Court that it erred in denying her a preliminary injunction. Relief under Rule 60(b) is not warranted. The motion is DENIED.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2017
    Detroit, Michigan

3