UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

    Plaintiff,

v.

Case No. 16-12959

HON. AVERN COHN

MICHIGAN SUPREME COURT, MICHIGAN
JUDICIAL TENURE COMMISSION, EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,
U.S. ATTORNEY'S OFFICE, DR. NORMAN L. MILLER,
UNITED STATES GOVERNMENT, MICHIGAN
ATTORNEY GRIEVANCE COMMISSION,
MICHIGAN ATTORNEY DISCIPLINE BOARD,
CITY OF DETROIT, a municipal Corporation,
LAIDLER & ZIELINSKI, PLLC, CYRIL HALL,
COLLINS, EINHORN, FARRELL, PC.,
and the 36TH JUDICIAL DISTRICT COURT,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF JUDGE
## (Doc. 126)

I.

On August 15, 2016, plaintiff proceeding <u>pro se</u> and in forma pauperis, filed a complaint against the above named defendants. As best as can be gleaned, plaintiff claims violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan Judicial Tenure Commission which resulted in her removal from the bench upon a finding that she is "mentally unfit." She also claims violations of federal law during her employment as a state district court judge, including Title VII (race, religion, and gender discrimination) and the Americans with Disabilities

Act. The matter has been referred to a magistrate judge for pretrial proceedings, Doc. 85, before whom several motions are pending. See Docs. 80, 81, 82, 91, 92, 110, 112, 123, 125, 142, 144, 149.

Before the Court is plaintiff's motion to disqualify the undersigned. For the reasons that follow, the motion is DENIED.

II.

Disqualification under either 28 U.S.C. § 455 or § 144 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." Id. at 1303-04 (quotations and citations omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. See Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956); see also City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir. 1980).

Here, plaintiff has not demonstrated any of the factors requiring disqualification. Construed in the most liberal light, plaintiff argues that the undersigned must be disqualified because she disagrees with the Court's ruling on her motion for a TRO and preliminary injunction and cannot be impartial because of an alleged, but not explained, relationship with some of the defendants. Plaintiff has not shown that the undersigned harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." 28 U.S.C. § 455(b)(1).

Plaintiff has not referred to any extrajudicial conduct arising out of the undersigned's background and associations. Therefore, plaintiff has not presented a factual basis to support a motion under Section 455. The motion is without merit.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2017
      Detroit, Michigan