UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

    Plaintiff,                                       Case No. 16-12959

v.                                                        District Judge Avern Cohn
                                                          Magistrate Judge R. Steven Whalen

MICHIGAN SUPREME COURT, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**

On August 15, 2016, Plaintiff Brenda K. Sanders ("Plaintiff) filed a *pro se* action in this court, alleging violations of state and federal law pertaining to her removal from the bench, including employment-related claims under Title VII and the Americans with Disabilities Act relative to her tenure as a state district court judge. Currently before the Court are Plaintiff's "Emergency Ex-Parte Petition[s] to Issue [a] Temporary Restraining Order*,"* [Docket #176-177] filed on November 2 and 3, 2017 respectively, which have been referred for pretrial proceedings under 28 U.S.C. § 636(b)(1)(B).[1]

In the present filing, Plaintiff alleges that on October 13, 2017, "a clerk employed by the City of Detroit Department of Elections" prevented her from being included in "the write in list of candidates for Mayor of Detroit . . ." *Docket #177, ¶ 4.* The City of Detroit is a

---

[1] The November 3, 2017 filing appears to be identical to the one filed the previous day.

Defendant in the current case. Plaintiff alleges violations of her due process rights and requests that the City of Detroit, Department of Elections "allow [her] to register as a written in candidate for Mayor of the City of Detroit. *Plaintiff's Brief* at 15-16. Under Fed. R. Civ. P. 20(a)(1)(A), she argues that her legal and equitable claims against the Department of Elections and City Clerk "are permissively joined" to the claims related to her removal from bench because they "'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id.* at 16 (*citing* Rule 20(a)(1)(A)).

Plaintiff's request for injunctive relief should be denied. On May 16, 2017, the Honorable Avern Cohn denied Plaintiff's request for a Temporary Restraining Order ("TRO") "directing the City of Detroit and its clerk to place [her] name on the August 8, 2017 ballot for Mayor of the City of Detroit." *Docket #43*. In denying Plaintiff's request, the District Court noted that "state law provides a review process for nominating petitions" and that "the subject matter of the petition for a TRO has nothing to do with the case pending before the undersigned." *Id.* at 2, Pg ID 807.

The District Court's determination that Plaintiff's remedy lies in the state review process rather than this Court is the law of the case. "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006)(*citing Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir.2004)). None of the three "'exceptional circumstances'" to the law of the case doctrine: "(1) where

substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice" applies here. *Id.* (*citing Hanover Ins. Co. v. American Engineering*, 105 F.3d 306, 312 (6th Cir. 1997)). Likewise, Plaintiff has not offered any reason to disturb the finding that her request to be placed on the ballot for Mayor of the City of Detroit "has nothing to do with the case pending before the undersigned." *Docket #43* at 2.

## CONCLUSION

For these reasons, I recommend that Plaintiff's request for a TRO [Docket #176-177] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Issue first raised in objections to a magistrate judge's report and recommendation are deemed waived. *U.S. v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373

(6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 7, 2017, electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager to the
                                          Honorable R. Steven Whalen