DUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

        Plaintiff,                          Case No.  16-12959

v.                                              District Judge Avern Cohn
                                                      Magistrate Judge R. Steven Whalen

MICHIGAN SUPREME COURT, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On August 15, 2016, Plaintiff Brenda K. Sanders filed a *pro se* action in this Court, against multiple Defendants, alleging violations of state and federal law pertaining to her removal from state judicial office. Before the Court is a Motion to Dismiss filed by Defendants United States Attorney's Office ("USAO"), Equal Employment Opportunity Commission ("EEOC"), and the United States of America [Doc. #110], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the Motion be GRANTED and that these Defendants be DISMISSED WITH PREJUDICE.[1]

**I.   FACTS**

Plaintiff Brenda K. Sanders was a judge of the 36th District Court for the City of

---

[1] Plaintiff has filed a "Notice of Voluntary Dismissal" without prejudice of all federal Defendants except the United States Attorney's Office [Doc. #139].  By separate Opinion and Order, I have order that Notice stricken.

Detroit.  The Michigan Judicial Tenure Commission ("JTC") recommended that she be removed as a state court District Judge.  On July 1, 2015, the Michigan Supreme Court, on *de novo* review, accepted in part the JTC's recommendation, and ordered Ms. Sanders removed from office, stating the it "accept[s] the determination that the Respondent suffers from a mental disability that prevents the performance of her judicial duties." *In re Honorable Brenda K. Sanders Judge, 36th District Court*, 498 Mich. 856, 865 N.W.2d 30 (2015).  The general facts underlying her complaint were discussed in my previous Report and Recommendation [Doc. #184], in which I recommended the dismissal of the non-federal Defendants, and need not be repeated at length here.

Plaintiff's allegations against the federal Defendants are contained in Counts IV, XII, and XV of her amended complaint [Doc. #14]. In Count IV, she claims that the United States Attorney's Office for the Eastern District of Michigan violated the "crime reporting privilege."  She alleges that around December 23, 2013, she hand-delivered a letter addressed to then-United States Attorney Barbara McQuade, in which she "presented information that she received about possible criminal activity." *Amended Complaint*, ¶¶ 251-254.  She alleges that the U.S. Attorney's Office not only failed to interview her about this information, but revealed her letter to the 36th District Court, setting in motion a chain of events that led to her having restricted access to the courthouse, the suspension of her firearm license, and her removal as a judge. *Id*. ¶¶ 258-268.

In County XII, Plaintiff alleges that EEOC Investigator Marlea Applegate

"negligently and intentionally dismissed the Plaintiff's claims without completing her investigation," resulting in emotional damages. *Id*. ¶¶ 363-368.

In Count XV, Plaintiff claims that mysterious airplanes, that she suspects were connected to the U.S. military, were flying low over her home in South Carolina, dispensing a "trail like material" that caused her and her family to experience breathing difficulties. *Id*. ¶¶ 425-430. She alleges that the United States of America "conspired with [her] former employer, courts, lawyers, doctors and others to harass and intimidate the Plaintiff and the Plaintiff's family wherever they go." *Id*. ¶ 431.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). In a factual attack on the complaint's adequacy, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." *RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1134 (6th Cir.1996) (emphasis and internal citations omitted).

### B. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as

follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

The United States and its agencies are protected by the doctrine of sovereign immunity. As the Supreme Court explained in *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994):

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). See also *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ( 'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction')."

The Plaintiff has not met her burden of showing any waiver of sovereign immunity that would confer subject matter jurisdiction on this Court. While she alleges that the EEOC negligently delayed and dismissed her complaint, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence...in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997). Nor has the Plaintiff alleged or identified an express

-5-

waiver of sovereign immunity regarding the United States Attorney's Office. *See Williams v. Secor*, 95 F.3d 1153 (6th Cir. 1996)(Department of Justice dismissed on grounds of sovereign immunity); *City of Whittier v. United States Department of Justice*, 598 F.2d 561, 562 (9th Cir. 1979)(same).

Finally, even if the Plaintiff's claims against the United States or its agencies fell within some exception to sovereign immunity–which they do not–and were therefore amenable to an action under the Federal Tort Claims Act ("FTCA"), the FTCA requires exhaustion of administrative remedies before filing suit. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). The Plaintiff's amended complaint shows no indication that she did so.

Because the Plaintiff has not established any waiver of sovereign immunity for the federal Defendants, it is unnecessary to address at length the deficiencies under Rule 12(b)(6), other than to note that her *belief* that the United States government conspired with others to fly military planes over her house, or that the actions of the U.S. Attorney's Office caused her removal from judicial office[2] is insufficient to support plausible claims. To meet the standard of plausibility, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678

---

[2] The Plaintiff was removed from office by the Michigan Supreme Court, on the recommendation of the Judicial Tenure Commission, not by the U.S. Attorney's Office, and the Supreme Court largely based its decision on, among other factors, on the report of psychiatrist Dr. Norman Miller. *See In re Honorable Brenda K. Sanders Judge, 36th District Court*, 498 Mich. 856, 865 N.W.2d 30 (2015).

(internal quotations marks omitted).

## IV.   CONCLUSION

I recommend that Defendants United States Attorney's Office , Equal Employment Opportunity Commission, and the United States of America's Motion to Dismiss [Doc. #110] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    s/ R. Steven Whalen
                    R. STEVEN WHALEN
Dated: February 26, 2018     UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2018, electronically and/or by U.S. mail.

                    s/Carolyn M. Ciesla
                    Case Manager to the
                    Honorable R. Steven Whalen