EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

      Plaintiff,

v.

MICHIGAN SUPREME COURT, *et al.*,

      Defendants.
_____/

Case No. 16-12959
District Judge Avern Cohn
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER STRIKING NOTICE OF VOLUNTARY DISMISSAL**

On August 18, 2017, Plaintiff filed a Notice of Voluntary Dismissal of Defendants Equal Employment Opportunity Commission and Internal Revenue Service[1] Without Prejudice [Doc. #139]. In her Notice, at ¶ 4, she specifically states that "the Defendant, U.S. Attorney's Office, is not included in the Notice of Voluntary Dismissal." Nor does she seek to voluntarily dismiss any of the other Defendants.

Because Plaintiff seeks to dismiss only some of the Defendants, and not the entire action, she cannot proceed via Fed.R.Civ.P. 41(b), which provides for voluntary dismissal, but rather must seek leave of the Court to amend her complaint under Rule 15. As Judge Cleland explained in *TMW Enterprises, Inc. v. Fed. Ins. Co.*, 2008 WL 786464, at *1 (E.D. Mich. Mar. 21, 2008):

"It is true that a plaintiff can dismiss his action voluntarily, even after a

---

[1] The Internal Revenue Service is not named as a Defendant in Plaintiff's amended complaint, although the United States of America is.

motion to dismiss is filed, so long as a motion for summary judgment or answer is not first filed. See *Aamot v. Kassel*, 1 F.3d 441 (6th Cir.1993). Here, however, Plaintiffs seek to dismiss less than their entire action. Dismissal of some, but not all of an action or some but not all of the defendants, is governed by Federal Rule of Civil Procedure 15, not Rule 41. See generally *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir.1979); *Baker v. City of Detroit*, 217 F. App'x 491, 496 (6th Cir.2007). Rule 15 requires written consent or leave of court to amend a pleading after a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Because Defendants filed a motion to dismiss, Plaintiffs cannot amend their complaint without consent or leave of court. Plaintiffs' "Notice of Voluntary Dismissal," though presented as an understandable effort to simplify the litigation, is nonetheless procedurally improper, and the court will strike it from the docket."

For the same reasons, Plaintiff's Notice of Voluntary Dismissal [Doc. #139] is STRICKEN. The federal Defendants have filed a motion to dismiss [Doc. #110], and I have filed a Report and Recommendation recommending that these Defendants be dismissed with prejudice based on sovereign immunity.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2018

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2018, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen