UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

               Plaintiff,                         Case No.  16-12959

v.                                        District Judge Avern Cohn

                                              Magistrate Judge R. Steven Whalen

MICHIGAN SUPREME COURT, *et al.*,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

On August 15, 2016, Plaintiff Brenda K. Sanders ("Plaintiff) filed a *pro se* action in this court, alleging violations of state and federal law pertaining to her removal from the bench, including employment-related claims under Title VII and the Americans with Disabilities Act relative to her tenure as a state district court judge. Before the Court is her Motion for Temporary Restraining Order [Doc. #125], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(b).  I recommend that the motion be DENIED.

**DISCUSSION**

Plaintiff sought to run for the office of Mayor of the City of Detroit.  She alleges that an employee of the Wayne County Campaign Finance Office refused to accept her campaign finance report, stating that she was "disqualified both as a candidate on the ballot for Mayor of the City of Detroit and as a write-in candidate for the Mayor of the City of Detroit." *Motion*, ¶ 13.  She seeks to restrain the City Clerk from removing her

name from the mayoral ballot. *Id*. ¶ 24.

On November 7, 2017, I filed a Report and Recommendation ("R&R)[Doc. #178]

recommending the denial of two other TRO motions, found at Doc. #s 176 and 177.  In

that R&R, I stated as follows:

> Plaintiff's request for injunctive relief should be denied.  On May 16, 2017,
> the Honorable Avern Cohn denied Plaintiff's request for a Temporary
> Restraining Order ("TRO") "directing the City of Detroit and its clerk to
> place [her] name on the August 8, 2017 ballot for Mayor of the City of
> Detroit." *Docket #43*.  In denying Plaintiff's request, the District Court
> noted that "state law provides a review process for nominating petitions"
> and that "the subject matter of the petition for a TRO has nothing to do with
> the case pending before the undersigned." *Id.* at 2, Pg ID 807.
>
> The District Court's determination that Plaintiff's remedy lies in the state
> review process rather than this Court is the law of the case.  "The law of the
> case doctrine provides that 'when a court decides upon a rule of law, that
> decision should continue to govern the same issues in subsequent stages in
> the same case.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir.
> 2006)(*citing Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir.2004)).
> None of the three "'exceptional circumstances'" to the law of the case
> doctrine: "(1) where substantially different evidence is raised on subsequent
> trial; (2) where a subsequent contrary view of the law is decided by the
> controlling authority; or (3) where a decision is clearly erroneous and
> would work a manifest injustice" applies here.  *Id.* (*citing Hanover Ins. Co.
> v. American Engineering*, 105 F.3d 306, 312 (6th Cir. 1997)).  Likewise,
> Plaintiff has not offered any reason to disturb the finding that her request to
> be placed on the ballot for Mayor of the City of Detroit "has nothing to do
> with the case pending before the undersigned." *Docket #43* at 2.

Judge Cohn adopted my R&R, and denied Plaintiff's motion for TRO on

December 4, 2017 [Doc. #181].

My previous R&R should have addressed the present motion for TRO, but

unfortunately did not.  Nevertheless, the current motion for TRO should be denied for the

same reasons.

## CONCLUSION

I recommend that Plaintiff's Motion for Temporary Restraining Order [Doc. #125] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Issue first raised in objections to a magistrate judge's report and recommendation are deemed waived. *U.S. v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

-4-