UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

       Plaintiff,                                  Case No. 16-12959

v.                                                   District Judge Avern Cohn
                                                        Magistrate Judge R. Steven Whalen

MICHIGAN SUPREME COURT, *et al.*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On August 15, 2016, Plaintiff Brenda K. Sanders filed a *pro se* action in this Court, alleging violations of state and federal law pertaining to her removal from state judicial office, including employment-related claims under Title VII and the Americans with Disabilities Act relative to her tenure as a state district court judge. Before the Court is Defendant Attorney Grievance Commission's ("AGC's") Motion to Dismiss the Amended Complaint or for Judgment on the Pleadings [Doc. #169], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the AGC be DISMISSED WITH PREJUDICE.

**I.    FACTS**

Plaintiff Brenda K. Sanders was a judge of the 36th District Court for the City of Detroit. The Michigan Judicial Tenure Commission ("JTC") recommended that she be

removed as a state court District Judge. On July 1, 2015, the Michigan Supreme Court, on *de novo* review, accepted in part the JTC's recommendation, and ordered Ms. Sanders removed from office, stating the it "accept[s] the determination that the Respondent suffers from a mental disability that prevents the performance of her judicial duties." *In re Honorable Brenda K. Sanders Judge, 36th District Court*, 498 Mich. 856, 865 N.W.2d 30 (2015).

The Plaintiff states that her "law license was also rendered inactive as the result of the removal proceeding." *Amended Complaint* [Doc. #15] ¶ 69. In Count IX of her amended complaint, Plaintiff brings a claim of negligence against the AGC. She claims that the AGC failed to properly notify her of "pending disciplinary proceedings relative to the Plaintiff's law license, *Id*. ¶ 310;" failed to "employ due diligence to ascertain the most recent address of the Plaintiff at the time it commenced disciplinary proceedings" against her, *Id.* ¶ 312; and conversely, "relied on the Judicial Tenure Commission removal proceedings as a basis to suspend and render inactive the Plaintiff's law license." *Id*. ¶ 314. She also alleges that the AGC suspended her law license "as retaliation after the Plaintiff sought to complain against attorneys that owed the Plaintiff money." *Id*. ¶ 318. She alleges that the AGC's negligence resulted in "substantial compensatory damages and economic losses...." *Id*. ¶ 321.

In Count X, Plaintiff alleges that the AGC, along with the JTC, the Michigan Supreme Court, the Attorney Discipline Board ("ADB"), and Dr. Norman Miller "made false and defamatory statement concerning the Plaintiff." *Id*. ¶ 327.

In Count XI, Plaintiff alleges that the AGC and the ADB "interfered with the Plaintiff's ability to secure and represent clients at various legal proceedings in Michigan and South Carolina." *Id*. ¶ 343.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on

what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

### III.   DISCUSSION

The claims against the AGC are all barred by Eleventh Amendment immunity. Under the Eleventh Amendment, the states and their departments and agencies are immune from suit in federal court, regardless of the relief requested, unless the state has waived immunity or congress has expressly abrogated the immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

The state of Michigan has not consented to being sued in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir.1986).

Michigan's constitution vests the judicial power of the state in one court of justice, of which the Michigan Supreme Court is a division. Const. 1963, art. 6, § 1. Therefore, the Supreme Court is an arm of the state of Michigan and is immune from suit under the Eleventh Amendment. *See Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762-64 (6th Cir. 2010). The AGC is an arm of the Supreme Court. M.C.R. 9.108(a) states:

> "The Attorney Grievance Commission is the prosecution arm of the Supreme Court for discharge of its constitutional responsibility to supervise and discipline Michigan attorneys and those temporarily admitted to practice under MCR 8.126 or otherwise subject to the disciplinary authority of the Supreme Court."

As such, the AGC is immune under the Eleventh Amendment. *See Margiotta v Kosik,* 944 F.2d 905 (6th Cir. 1991)(Table)("suit against the AGC is barred by eleventh amendment immunity"); *Morris v. Fresard*, 2013 WL 4516388, at *4 (E.D. Mich. 2013)(AGC entitled to Eleventh Amendment immunity).

In addition, as a state government entity engaged in the exercise of a governmental function, the AGC has immunity under Michigan's governmental immunity act, M.C.L. § 691.1407(1). *See Robinson v. City of Detroit*, 462 Mich. 439, 455 613 N.W.2d 307 (2000). The AGC is also entitled to quasi-judicial immunity. *See Lepley v. Dresser*, 681 F.Supp. 418, 423 (W.D. Mich. 1988)("The acts [of AGC staff] are inherently judicial. As a result, [they] are absolutely immune from liability for their activities in investigating and prosecuting complaints before the Grievance Commission"); *Eston v. Van Bolt*, 728

F. Supp. 1336, 1338 (E.D. Mich. 1990) ("The Court finds that plaintiff's complaint directly relates to the defendants' performance of their statutory duties as members of the Attorney Discipline Board or the Attorney Grievance Commission. Therefore, defendants are immune from liability for acts or omissions performed in this official capacity.").

The AGC should therefore be dismissed.

### IV.     CONCLUSION

I recommend that the AGC's Motion to Dismiss the Amended Complaint or for Judgment on the Pleadings [Doc. #169] be GRANTED and that the AGC be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2018, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager to the
                                            Honorable R. Steven Whalen