UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

        Plaintiff,

v.

MICHIGAN SUPREME COURT, *et al.*,

        Defendants.

_____/

Case No.  16-12959
District Judge Avern Cohn
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER DENYING MOTIONS TO AMEND

Before the Court are Plaintiff Brenda K. Sanders' two motions to amend her

complaint [Doc. # 149 and Doc. #180].  Both were filed after the filing of multiple

motions to dismiss and Plaintiff's responses (and sur-replies) to those motions.  In the

first motion to amend [Doc. #149], Plaintiff seeks to add parties (Paul R. Fischer and

Judge Michael J. Talbot), as well as addition claims under 42 U.S.C. § 1983. In the

second motion [Doc. #180], she seeks to add as additional Defendants present and former

members of the Michigan Supreme Court; Mark A. Armitage; and Michael Sapala, as

well as additional claims under 42 U.S.C. § § 1985(3) and 1986, and Michigan's Elliott

Larsen Civil rights Act.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend

complaints shall be freely granted "when justice so requires." *Foman v. Davis,* 371 U.S.

178, 181 (1962). However, such leave is inappropriate when there is "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment." *Id.,* 371 U.S. at 182.

In addition, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Foman,* 371 U.S. at 182.

First, I note that Plaintiff would have been aware of the basis for and the facts underlying these new claims and new Defendants when she filed her initial complaint and her first amended complaint [Doc. #14 and #15], yet she now seeks amendments only after the original Defendants have filed dispositive motions. Thus, there has been undue delay in seeking these amendments, for which Plaintiff has not shown good cause. Moreover, amendment at this late stage of the game would be prejudicial and would needlessly prolong these proceedings, in which there are multiple pending motions to dismiss. *See Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995)(citing *Foman*)(court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile").

And the proposed amendments would in fact be futile. As discussed in my recent

Report and Recommendation [Doc. #184], the judges and state actors who are sued in their official capacities are protected by both Eleventh Amendment immunity and Michigan governmental immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); M.C.L. § 691.1407(1). To the extent that these Defendants (and the newly added Defendants) are now named in their individual capacities in claims under 42 U.S.C. § 1983 and other federal statutory provisions, they would be barred by the three-year statute of limitations. These and other deficiencies as to the originally named Defendants remain as to any new claims against them.

Accordingly, Plaintiff's motions to amend [Doc. #149 and Doc. #180] are DENIED.

IT IS SO ORDERED.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2018


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 26, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen