UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

    Plaintiff,

v.

MICHIGAN SUPREME COURT, MICHIGAN
JUDICIAL TENURE COMMISSION, EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,
U.S. ATTORNEY'S OFFICE, DR. NORMAN L. MILLER,
UNITED STATES GOVERNMENT, MICHIGAN
ATTORNEY GRIEVANCE COMMISSION,
MICHIGAN ATTORNEY DISCIPLINE BOARD,
CITY OF DETROIT, a municipal Corporation,
LAIDLER & ZIELINSKI, PLLC, CYRIL HALL,
COLLINS, EINHORN, FARRELL, PC.,
and the 36TH JUDICIAL DISTRICT COURT,

    Defendants.
_____/

Case No. 16-12959

HON. AVERN COHN

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 186)**
**AND**
**AFFIRMING MAGISTRATE JUDGE'S ORDER (Doc. 187)**
**AND**
**GRANTING UNITED STATES ATTORNEY'S OFFICE, THE EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSIONS, AND THE UNITED STATES OF AMERICA'S**
**MOTION TO DISMISS**
**(Doc. 110)**

I.

On August 15, 2016, plaintiff proceeding pro se and in forma pauperis, filed a complaint against the above captioned defendants. As best as can be gleaned, plaintiff, a former judge of the 36th District Court in Michigan, claims violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan

Judicial Tenure Commission which resulted in her removal from the bench. She also claims violations of federal law during her employment as a state district court judge, including Title VII (race, religion, and gender discrimination) and the Americans with Disabilities Act. Pretrial matters have been referred to a magistrate judge. (Doc. 85). Thereafter, the United States Attorney's Office the Equal Employment Opportunity Commission (EEOC), and the United States of America filed a motion to dismiss (Doc. 110). The magistrate judge issued a report and recommendation, MJRR, recommending that the motion be granted. (Doc. 186). Also, plaintiff filed a Notice of Voluntary Dismissal as to the EEOC and the Internal Revenue Service (Doc. 139).[1] The magistrate judge issued an order striking the Notice of Voluntary Dismissal. (Doc. 187). Plaintiff filed objections to the strike order in which she also objects to the MJRR. (Doc. 195).

III.

A.

When a party files timely objections to a magistrate judge's opinion and order concerning a non-dispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The

---

[1]As the magistrate noted, the Internal Revenue Service is not a named defendant. It is assumed plaintiff intended to name the United States Attorney's Office and United States of America.

district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

B.

The magistrate judge recommends that the United States Attorney's Office, the EEOC, and the United States of America be dismissed because they are immune from suit and even if they were not immune, plaintiff has not exhausted her administrative remedies. The magistrate judge also ordered that plaintiff's Notice of Voluntary Dismissal against these defendants be stricken because a voluntary dismissal is not available under the circumstances.

In her objections, plaintiff asks that she be able to voluntarily dismiss these defendants in order to be able to bring claims against them in the proper forum.

Plaintiff's objections are unavailing. As the magistrate judge explained, plaintiff cannot voluntarily dismiss defendants at this stage. Moreover, the defendants have filed a proper motion to dismiss which the Court agrees should be granted.

III.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. The magistrate judge's order striking plaintiff's Notice of Voluntary Dismissal is AFFIRMED. The United States Attorney's Office, the EEOC, and the United States of America's motion to dismiss is GRANTED. This case is DISMISSED against them.

SO ORDERED.

                                                 s/Avern Cohn
                                                  AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: March 26, 2018
      Detroit, Michigan