UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

Plaintiff,

v.

Case No. 16-12959

HON. AVERN COHN

MICHIGAN SUPREME COURT, MICHIGAN JUDICIAL TENURE COMMISSION, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, U.S. ATTORNEY'S OFFICE, DR. NORMAN L. MILLER, UNITED STATES GOVERNMENT, MICHIGAN ATTORNEY GRIEVANCE COMMISSION, MICHIGAN ATTORNEY DISCIPLINE BOARD, CITY OF DETROIT, a municipal Corporation, LAIDLER & ZIELINSKI, PLLC, CYRIL HALL, COLLINS, EINHORN, FARRELL, PC., and the 36TH JUDICIAL DISTRICT COURT,

Defendants.
_________________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 184) AND GRANTING CERTAIN DEFENDANTS' MOTIONS TO DISMISS (Docs. 80, 81, 82, 112, 123)**

I.

On August 15, 2016, plaintiff proceeding pro se and in forma pauperis, filed a complaint against the above captioned defendants. As best as can be gleaned, plaintiff, a former judge of the 36th District Court in Michigan, claims violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan Judicial Tenure Commission which resulted in her removal from the bench. She also claims violations of federal law during her employment as a state district court judge, including

Title VII (race, religion, and gender discrimination) and the Americans with Disabilities Act. Pretrial matters have been referred to a magistrate judge. (Doc. 85). Thereafter, certain defendants filed the following dispositive motions:

-Defendant Norman Miller's Motion to Dismiss (Doc. 80)

-Defendant Collins Einhorn Farrell, PC's Motion to Dismiss (Doc. 81)

-Defendants Michigan Supreme Court, Judicial Tenure Commission, and Attorney Discipline Board's Motion to Dismiss (Doc. 82)

Defendant 36th District Court's Motion to Dismiss (Doc. 112)

Defendant City of Detroit's Motion for Judgment on the Pleadings (Doc. 123)

The magistrate judge issued a report and recommendation, MJRR, recommending that the motions be granted. (Doc. 184). Plaintiff has filed objections in which she objects only to the dismissal of Norman Miller and the City of Detroit. (Doc. 193).

II.

As an initial matter, plaintiff did not object to the recommended dismissal of Collins Einhorn Farrell, PC, Michigan Supreme Court, the Judicial Tenure Commission, the Attorney Discipline Board, and 36th District Court. The failure to file objections to the report and recommendation waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985). However, the Court has reviewed the MJRR and agrees with the magistrate judge.

III.

A.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the ‘objections'] would know what Howard thought the magistrate had done wrong.").

B.

As to Norman Miller - a psychiatrist who testified at plaintiff's hearing before the Judicial Tenure Commission whom plaintiff claims defamed her in his testimony - the magistrate judge recommends he be dismissed because he is protected by absolute immunity and because plaintiff's claim is time barred. Although plaintiff contends in her

objections that the statute of limitations is somehow extended, she fails to cite controlling authority nor does she address the magistrate judge's recommendation that Miller be dismissed based on immunity. In short, her objections lack merit.

As to the City of Detroit, the magistrate judge recommends that it be dismissed plaintiff fails to plead her allegations of wrongdoing against the City with particularity and because the City is immune from liability. In her objections, plaintiff asks that the Court consider her pro se status in evaluating whether she has meet the pleading requirements. Plaintiff does not address the magistrate judge's recommendation on immunity. The Court has reviewed the complaint. Even under a liberal reading, which the magistrate judge also gave it, the complaint does not allege a plausible claim against the City of Detroit. As such, plaintiff's objections are overruled.

IV.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court.

Norman Miller's Motion to Dismiss (Doc. 80) is GRANTED.

Collins Einhorn Farrell, PC's Motion to Dismiss (Doc. 81) is GRANTED.

Michigan Supreme Court, Judicial Tenure Commission, and
Attorney Discipline Board's Motion to Dismiss (Doc. 82) is GRANTED.

36th District Court's Motion to Dismiss (Doc. 112) is GRANTED.

The City of Detroit's Motion for Judgment on the Pleadings (Doc. 123)
is GRANTED.

This case is DISMISSED as to the above defendants.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2018
Detroit, Michigan