UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

    Plaintiff,

v.

MICHIGAN SUPREME COURT, MICHIGAN
JUDICIAL TENURE COMMISSION, EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,
U.S. ATTORNEY'S OFFICE, DR. NORMAN L. MILLER,
UNITED STATES GOVERNMENT, MICHIGAN
ATTORNEY GRIEVANCE COMMISSION,
MICHIGAN ATTORNEY DISCIPLINE BOARD,
CITY OF DETROIT, a municipal Corporation,
LAIDLER & ZIELINSKI, PLLC, CYRIL HALL,
COLLINS, EINHORN, FARRELL, PC.,
and the 36TH JUDICIAL DISTRICT COURT,

    Defendants.
_____/

Case No. 16-12959

HON. AVERN COHN

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 191) AND GRANTING ATTORNEY GRIEVANCE COMMISSION'S MOTIONS TO DISMISS (Doc. 169)

I.

On August 15, 2016, plaintiff proceeding pro se and in forma pauperis, filed a complaint against captioned defendants. As best as can be gleaned, plaintiff, a former judge of the 36th District Court in Michigan, claims violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan Judicial Tenure Commission which resulted in her removal from the bench. She also claims violations of

federal law during her employment as a state district court judge, including Title VII (race, religion, and gender discrimination) and the Americans with Disabilities Act. Pretrial matters have been referred to a magistrate judge. (Doc. 85). Thereafter, the Attorney Grievance Commission filed a motion to dismiss (Doc. 169). The magistrate judge issued a report and recommendation, MJRR, recommending that the motion be granted. (Doc. 191). Plaintiff has filed objections. (Doc. 196).

### III.

#### A.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a

2

district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

B.

The magistrate judge recommends that the Attorney Grievance Commission be dismissed her claims against it are barred by the Eleventh Amendment. In her objections, plaintiff says that she filed "proposed defaults" against the Attorney Grievance Commission and is a prosecutorial arm of the state and therefore entitled to only qualified immunity. The Court disagrees. As the authority cited in the MJRR points out, the Attorney Grievance Commission, even assuming it is a prosecutorial arm, still enjoys Eleventh Amendment immunity. As such, plaintiff's objections lack merit.

III.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. The Attorney Grievance Commission's motion to dismiss is GRANTED. This case is DISMISSED as to the Attorney Grievance Commission.

SO ORDERED.

                                                           s/Avern Cohn
                                                       AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

Dated: March 26, 2018
      Detroit, Michigan