UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

          Plaintiff,                    Case No.  16-12959

v.                                  District Judge Avern Cohn

                                      Magistrate Judge R. Steven Whalen

MICHIGAN SUPREME COURT, *et al.*,

          Defendants.

_____/

**OPINION AND ORDER
DENYING MOTION TO AMEND COMPLAINT [Doc. #197]**

On August 15, 2016, Plaintiff Brenda K. Sanders filed a *pro se* action in this

Court, alleging violations of state and federal law pertaining to her removal from state

judicial office, including employment-related claims under Title VII and the Americans

with Disabilities Act, relative to her tenure as a state district court judge.  The currently

operative complaint is her first amended complaint, filed on March 9, 2017 [Doc. #15].

On February 26, 2018, the Court denied her second and third motions to amend her

complaint, in which she sought to add as Defendants former and present members of the

Michigan Supreme Court, Judge Michael Sapala, and Mark Armitage, as well as alleging

additional claims under 42 U.S.C. §§ 1985(3) and 1986, and Michigan's Elliott Larsen

Civil Rights Act. *See* Opinion and Order, Doc. #192.

Before the Court at this time is Plaintiff's Motion for Leave to File Fourth Amended Complaint [Doc. #197]. For the reasons discussed below, the motion will be DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was a judge of the 36th District Court for the City of Detroit. The Michigan Judicial Tenure Commission ("JTC") recommended that she be removed as a state court District Judge. On July 1, 2015, the Michigan Supreme Court, on *de novo* review, accepted in part the JTC's recommendation, and ordered Ms. Sanders removed from office, stating the it "accept[s] the determination that the Respondent suffers from a mental disability that prevents the performance of her judicial duties." *In re Honorable Brenda K. Sanders Judge, 36th District Court*, 498 Mich. 856, 865 N.W.2d 30 (2015).

In her complaint, Plaintiff brought numerous claims under both federal and Michigan law against numerous Defendants. To date, the following Defendants have been dismissed: Michigan Supreme Court; Michigan Judicial Tenure Commission; Equal Employment Opportunity Commission; United States Attorney's Office; Dr. Normal L. Miller; United States of America; Michigan Attorney Grievance Commission; Michigan Attorney Discipline Board; City of Detroit; Collins, Einhorn and Farrell, P.C.; and 36th District Court. The only remaining Defendants at this point are Laidler & Zielinski,

PLLC and attorney Cyril Hall.[1]

In her present motion to amend, Plaintiff seeks to add as Defendants David H. Sawyer, Pablo Cortes, Nancy J. Diehl, Monte J. Burmeister, David J. Fischer, Nanci J. Grant, Thomas J. Ryan, and Melissa B. Spickler, all members of the JTC who, Plaintiff alleges, "signed an Order of the Judicial Tenure Commission on March 16, 2015, recommending the removal of the Plaintiff from her position as a Judge of the 36th Judicial District Court...." *Proposed Fourth Amended Complaint* [Doc. #197], ¶¶ 8-17. Plaintiff names all proposed Defendants in their individual capacities. *Id*. ¶¶ 20, 100. She alleges the following claims:

(1) Violation of Michigan's Whistleblower Retaliation Act, M.C.L. § 15.362;

(2) Violation of First, Fourth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983;

(3) Conspiracy under 42 U.S.C. § 1985(3);

(4) Conspiracy under 42 U.S.C. § 1986;

(5) Abuse of Process;

(6) Libel and Defamation;

(7) Tortious Interference with Business Relationships.

---

[1] In a separate Report and Recommendation I have recommended that Defendants are Laidler & Zielinski, PLLC and attorney Cyril Hall be dismissed. If adopted, this would close the case.

## II.    STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend complaints shall be freely granted "when justice so requires." *Foman v. Davis,* 371 U.S. 178, 181 (1962). However, such leave is inappropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment." *Id.,* 371 U.S. at 182.

In addition, despite the general rule of liberality with which leave to file amended complaints is to be granted, when a proposed amended complaint would not survive a motion to dismiss, the Court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Foman,* 371 U.S. at 182.

## III.    DISCUSSION

There are numerous reasons why Plaintiff's motion to amend must be denied.  I will discuss each in turn.

### A.    Undue Delay and Dilatory Action

In denying Plaintiff's previous motions to amend her complaint, I noted "that Plaintiff would have been aware of the basis for and the facts underlying these new

claims and new Defendants when she filed her initial complaint and her first amended

complaint [Doc. #14 and #15], yet she now seeks amendments only after the original

Defendants have filed dispositive motions." [Doc. #192].  So too in the present motion,

Plaintiff seeks to add Defendants and claims less than a month after I denied her previous

motions.  As was the case previously, there has been undue delay in seeking these

amendments, for which Plaintiff has not shown good cause.  Amendment at this late stage

of the game would be prejudicial and would needlessly prolong these proceedings, in

which almost all of the Defendants have been dismissed.  *See Crawford v. Roane,* 53 F.3d

750, 753 (6th Cir. 1995)(citing *Foman*)(court should deny a motion to amend "if the

amendment is brought in bad faith, for dilatory purposes, results in undue delay or

prejudice to the opposing party or would be futile").

### B.    Immunity as to State Law Claims

M.C.R  9.227 gives absolute immunity to members of the JTC in cases brought

under Michigan law:

> "Members of the commission and their employees and agents, masters, and
> examiners are absolutely immune from civil suit for all conduct in the
> course of their official duties."

Therefore, all putative Defendant members of the JTC are protected by absolute

immunity as to Plaintiff's proposed state law claim under the Whistleblower Retaliation

Act, M.C.L. § 15.362, as well as her other state law claims of Abuse of Process, Libel and

Defamation, and Tortious Interference with Business Relationships.[2]

## C.    Quasi-Judicial Immunity

In her proposed amended complaint, Plaintiff alleges that the Defendants "acted in their administrative capacity when they collectively signed the Order or engaged in other conduct leading to the removal of the Plaintiff from her position as a Judge of the 36th District Court on July 1, 2015." *Proposed Amended Complaint* [Doc. #197], ¶ 102.  As such, they are protected by quasi-judicial immunity.

"[N]onjudicial persons who fulfill quasi- judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir. 1987)(*citing Myers v. Morris,* 810 F.2d 1437, 1466 (8th Cir.  1987)). The Supreme Court has set forth a functional approach for determining whether a non-judicial officer is entitled to absolute immunity, that is, whether that person's actions bear a close relationship to the judicial process, and whether his or her judgments are comparable to those of a judge. *Cleavinger v.  Saxner,* 474 U.S. 193, 201 (1985).  *Cleavinger* considered the following six factors characteristic of the judicial process: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the

---

[2] In addition, her proposed claims for libel and defamation are time-barred.  The statute of limitations for such claims is one year.   MCL § 600.5805(9); . *Mitan v. Campell*, 474 Mich. 21, 23, 706 N.W.2d 420 (2005); *Massey v. Int'l United Auto., Aerospace & Agric. Implement Workers of Amer.*, 462 F.Supp.2d 780, 785 (E.D. Mich. 2006).

presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (f) the correctability of the error on appeal. *Id.*, 474 U.S. at 202.  Further, the Court recognized that it had extended absolute immunity to others who performed judicial functions, such as the federal hearing examiner, administrative law judge,  federal and state prosecutors, witnesses, police officers, and grand jurors.  *Id.* 474 U.S. at 200-201.

In *James v. Anderson*, 2018 WL 6171474, at *3 (E.D. Mich. Nov. 26, 2018)(Borman, J.), the Court described the Constitutional grant of authority to the JTC, and the Michigan Supreme Court's directive and power to make rules governing the functioning of the JTC:

> "The JTC is an entity established under the Michigan Constitution empowered to make recommendations to the Michigan Supreme Court for the censure, suspension, or removal from office of any Michigan State judge. Mich. Const. 1963, art. 6, § 30. The Michigan Supreme Court is directed to make rules governing the functioning of the JTC. Id. Those rules are set forth in M.C.R. 9.200-9.228 under the heading 'Judicial Tenure Commission."

In *Sparks v. Character and Fitness Committee of Kentucky*, 859 F.2d 428, 430 (6th Cir. 1988), the Court held that quasi-judicial immunity "has been granted to members of an attorney disciplinary committee, to a state bar association conducting disciplinary proceedings, to lawyers serving on a mediation panel, to the court's clerk for acts within the scope of his quasi-judicial duties, to 'friends of the court,' and to prosecutors

engaging in prosecutorial activity." It is clear, then, that the JTC performs a judicial

function. While M.C.R 9.227 does not provide a basis for absolute immunity for federal

claims, *James* at *20, the grant of state absolute immunity nevertheless underscores the

*Cleavinger* factors for determining whether the actions of the JTC members in the

performance of their duties bear the indicia of judicial functions, particularly the need to

assure that the individual can perform his functions without harassment or intimidation,

and insulation from political influence. In addition, and again with reference to

*Cleavinger*, "correctability on appeal" is a factor, since the Supreme Court gives *de novo*

review to JTC recommendations. In *James*, 2018 WL 6171474 at *19, the Court found

the the JTC's role in investigating claims of judicial misconduct was quasi-judicial

conduct:

> "It is clear that throughout the process of 'investigating complaints and initiating prosecutions of complaints concerning judicial misconduct,' the JTC and the executive director are engaged in inherently 'quasi-judicial' functions. *Lepley v. Dresser*, 681 F. Supp. 418, 423 (W.D. Mich. 1988) (analogizing the JTC to the Attorney Grievance Commission which, as an arm of the Michigan Supreme Court, was entitled to the same immunity from suit as that Court, and expressly finding that the JTC's executive director was engaged in "quasi-judicial functions" when investigating complaints of judicial misconduct and determining whether to initiate formal prosecutions and both were therefore entitled to 'absolute immunity')."

*See also Briggs v. Kuhn*, 2011 WL 6339574, at *4 (E.D. Mich. 2011)(Cox,

J.)("Furthermore, members of the [Judicial Tenure] Commission perform functions that

are equivalent to the job performed by judges in court proceedings, and, thus, are entitled

to absolute quasi-judicial immunity")(citing *Sparks* and *Eston v. Van Bolt*, 728 F.Supp. 1336 (E.D.Mich.1990) (Attorney Grievance Commission members entitled to absolute quasi-judicial immunity)).

Because these Defendants are entitled to quasi-judicial immunity, adding them as Defendants would be futile.

## IV.   CONCLUSION

Plaintiff's Motion for Leave to File Fourth Amended Complaint [Doc. #197] is DENIED.

IT IS SO ORDERED.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 22, 2019



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 22, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen