UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA SANDERS,

    Plaintiff,

v.

MICHIGAN SUPREME COURT, et al.,

    Defendants.
_____/

Case No. 16-12959

HON. AVERN COHN

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT (Docs. 220, 221, 222, 223)[1]

I.

In 2016, plaintiff proceeding pro se and in forma pauperis, filed a complaint against multiple defendants, ranging from courts, state agencies, judges, and attorneys. Plaintiff claimed violations of state and federal law relating to proceedings before the Michigan Supreme Court and Michigan Judicial Tenure Commission which resulted in her removal from the bench upon a finding that she is "mentally unfit." She also claimed violations of federal law during her employment as a state district court judge, including Title VII (race, religion, and gender discrimination) and the Americans with Disabilities Act. Pretrial matters were referred to a magistrate judge (Doc. 85). Following several motions to dismiss and reports and recommendations which were adopted by the Court, the only remaining defendants were Laidler & Zielinski, a law firm, and Cyril Hall, an attorney.

---

[1]Doc. 222 and Doc. 223 are identical.

On January 22, 2019, the magistrate judge issued a report and recommendation (MJRR), recommending that these remaining defendants be <u>sua sponte</u> dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1) because plaintiff's claims against them were frivolous and otherwise failed to state a viable claim. (Doc. 215). Also on that date, the magistrate judge issued an order denying plaintiff's motion to file a fourth amended complaint (Doc. 197) in which she sought to add new defendants and additional claims (Doc. 216).

Plaintiff did not object to the MJRR or the order denying her motion to amend. Accordingly, on February 22, 2019, the Court adopted the MJRR and dismissed the case. (Doc. 217). A judgment entered that day. (Doc. 218).

Over thirty days later, on March 26, 2019, plaintiff filed the following motions:

Plaintiff's Motion for Relief from Order Adopting Report and Recommendation and Granting Motion to Dismiss the amended Complaint or for Judgment on the Pleadings and Dismissing Defendant with Prejudice (Doc. 220)

> * In this motion, plaintiff objects to the dismissal, adopting the recommendation of the magistrate judge, of the Attorney Grievance Commission. <u>See</u> Doc. 205.

Plaintiff's Motion for Relief from Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion to Amend (Doc. 221)

> * In this motion, plaintiff objects to the Court affirming the magistrate judge's order denying her leave to file an amended complaint. <u>See</u> Doc. 208.

Plaintiff's Motion for Relief from Order Adopting Report and Recommendation and Granting Certain Defendants' Motion to Dismiss, City of Detroit, Michigan Attorney Discipline Board, Michigan Supreme Court, 36th District Court and Collins, Einhorn & Farrell, P.C. (Doc. 222)

> * In this motion, plaintiff objects to the Court's order, adopting the recommendation of the magistrate judge, which dismissed several defendants. <u>See</u> Doc. 204.

Plaintiff also filed an affidavit in support of her motions. (Doc. 224). In broad terms, plaintiff in the affidavit that she and her family are the victims of government "air stalking," "heavy artillery helicopter harassment," that her "numerous reports" to the FBI have gone unanswered, and she has "hundreds of videos" which support her claim "that the government has hindered the prosecution of [her] civil claims."

For the reasons that follow, the motions are DENIED.

II.

As an initial matter, the motions seek reconsideration of orders that were entered on March 26, 2018 - a year ago. To this extent, the motions are untimely motions for reconsideration. <u>See</u> E.D. Mich. LR 7.1(h)(1) (motions for reconsideration must be filed within 14 days after entry of the order).

Plaintiff, however, invokes Fed. R. Civ. P. 60(b) as grounds for relief, more particularly 60(b)(1) (mistake), 60(b)(3) (fraud), and 60(b)(6) (any other reason justifying relief). Rule 60(b) motions must be made within one year. Even assuming the motions are timely, nothing in plaintiff's motions or affidavit in support come close to warranting Rule 60(b) relief. At best, plaintiff reasserts arguments previously rejected by the magistrate judge and the Court. The dismissal of the defendants was proper for the reasons explained in the orders. The denial of leave to amend was also proper in light of plaintiff failing to assert plausible claims for relief.

3

This case remains CLOSED. No further filings shall be made. Plaintiff's only recourse is to appeal. The Court expresses no opinion as to the timeliness of an appeal.

SO ORDERED.

                                                    <u>S/Avern Cohn</u>
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE

Dated: 4/3/2019
       Detroit, Michigan